## 62457. HINES v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery. On appeal he contends that the trial court erred (1) by denying his specific request in a Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) to compel the state to furnish the defense with the criminal record of the state's key witness; (2) by granting the state's motion to bar cross-examination as to a witness' belief or perception that he would receive favorable treatment on his own sentence in an untried felony case by testifying for the state in the instant case; and (3) by denying appellant's motion for mistrial based on improper and prejudicial remarks by the prosecuting attorney in concluding argument.

1. Appellant made a Brady motion requesting that the state be compelled to run an NCIC check on David Stephen Henderson and James Pierce, the only state witnesses implicating appellant in the armed robbery, because Henderson and Pierce both had been arrested and charged with burglary in Walker County. (Pierce was not called as a witness, so the motion as it relates to him is not relevant.) Appellant, citing United States v. Auten, 632 F2d 478 (5th Cir. 1980), contends the trial court's denial of his motion was error because the government's failure to disclose the criminal record of one of its key witnesses constitutes a denial of due process and is contrary to the directives of Brady, supra, when the prosecution has not sought out information readily available to it. However, in *Lingerfelt v. State,* 147 Ga. App. 371, 377 (9) (249 SE2d 100) (1978), we held: "Although the state is obligated upon request to disclose material evidence *in its possession* favorable to the accused [cit.], the state cannot be required to disclose something which it does not know." (Emphasis supplied.) See also *State v. Haynie,* 240 Ga. 866, 868 (242 SE2d 713) (1978), which held that a Brady motion does not reach material not in the state's possession; *Plemons v. State,* 155 Ga. App. 447, 450 (5A) (270 SE2d 836) (1980). The prosecuting attorney stated to the court that he knew of no criminal records relating to Henderson, and had nothing in his file indicating that Henderson had a criminal record. Thus, under the rule in Georgia, the trial court did not err in denying appellant's Brady motion, regardless of the rule in the 5th U. S. Circuit. We also note, parenthetically, that in Auten, supra, the U. S. Attorney had actual knowledge that a key witness had more than one criminal conviction.

2. Appellant contends the trial court erroneously restricted his right to cross-examine the state's key witness, Henderson, as to his perception or belief that he would receive more favorable treatment

on an untried felony charge against him as a result of his testimony for the state in the instant case.

The state made an oral motion that appellant's counsel not be allowed to bring out on cross-examination that the witness Henderson had been arrested and jailed for burglary in another county, as this was not a proper method of impeachment. The prosecuting attorney stated that he had made no "deal" with Henderson in exchange for his testimony, and that the assistant district attorney and the investigator handling Henderson's case in Walker County had made no deal with Henderson. The trial court offered appellant an opportunity to go into this matter outside the presence of the jury; appellant declined and his counsel stated: ". . . I'll take my chances on cross examination." The trial court then granted the state's motion.

Contrary to appellant's contention, the trial court did not prohibit or restrict appellant's cross-examination of Henderson as to bias or prejudice; the court ruled only that appellant could not inquire into Henderson's arrest and jailing, and that ruling was correct. It is not competent to discredit a witness by showing that he has been indicted for an offense involving moral turpitude, "and a mere arrest being a less formal and solemn charge, proof of it is so much the more inadmissible for such purpose." *Beach v. State,* 138 Ga. 265 (1) (75 SE 139) (1912); *McCarty v. State,* 139 Ga. App. 101, 103 (1) (227 SE2d 898) (1976). Although both parties are entitled to a thorough and sifting cross-examination (Code § 38-1705), this right is not unlimited; the scope of cross-examination is largely within the discretion of the trial judge, who has the right to impose reasonable limitations, and his ruling will not be disturbed unless such discretion is abused. *McCarty,* supra. As it is improper to impeach a witness by showing that he has been arrested, the trial court did not abuse its discretion by granting the state's motion, and "the defendant's right to a 'thorough and sifting' cross-examination of the witness [Henderson] was not prejudicially abridged." Id.

3. In closing argument, the prosecuting attorney stated, in regard to the witness Henderson, that "he's perhaps even putting his life in danger" (by testifying in the instant case). Appellant moved immediately for a mistrial on the ground that such a comment was improper and prejudicial; the motion was denied. Appellant then requested that the prosecutor be instructed not to make any further comments of this nature. The court did not grant that request, but stated: "Counsel may make such concluding argument to the jury as was produced from the witness stand during the trial of this case, or any reasonable deductions therefrom."

There was evidence in the case that appellant carried a pistol,

and that he had been in a fight a day or two before the robbery in question, which might give rise to an inference that appellant was a violent person. "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not rebuke by the court." *Johnson v. State,* 150 Ga. App. 405, 407-408 (3) (258 SE2d 22) (1979). Applying this rule to the instant case, there was no error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 3, 1981 —
REHEARING DENIED DECEMBER 1, 1981 —

*L. Branch S. Connelly,* for appellant.
*David L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.