### 62492. KITCHENS v. THE STATE.

SHULMAN, Presiding Judge.

Based largely on the testimony of his alleged co-conspirator, appellant was convicted of arson in the first degree of a dwelling occupied by Bleckley County Deputy Sheriff Alvin Savage and his family. Appellant was sentenced to 15 years' confinement in the state prison and now seeks reversal of the trial court's denial of his amended motion for a new trial.

1. In his first enumeration of error, appellant asserts that the trial court's denial of his motion for a new trial was error because the conviction was based on the state's knowing use of perjured testimony. The state's key witness and appellant's alleged co-conspirator, George Herndon, testified that he and appellant, at the latter's insistence, set fire to the Savage house in April 1978. In an affidavit offered in support of appellant's motion for a new trial, Herndon swore that his trial testimony was false and had been the result of beatings and continued threats thereof administered by members of the Bleckley County Sheriff's Department, in whose custody he was at the time of appellant's trial. Herndon then recanted his trial testimony and averred that he had no knowledge of appellant's participation in the burning of Deputy Savage's home. An attorney, two cellmates of Herndon's, and a Herndon relative also made affidavits in which they corroborated Herndon's sworn statement that he had suffered beatings at the hands of officers in the Bleckley County Sheriff's Department while incarcerated in the Bleckley County jail. These affidavits were neither refuted nor denied by the state. In its order denying appellant's motion, the trial court stated that there was evidence that defense counsel had known at trial that Herndon had made allegations of physical abuse while incarcerated in the Bleckley County jail, and concluded that Herndon's credibility and the issue of perjury were matters for the jury.

Conviction of a crime following a trial in which perjured testimony on a material point is knowingly used by the prosecution is an infringement on the accused's Fifth and Fourteenth Amendment rights to due process of law. Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217); Hysler v. Florida, 315 U. S. 411 (62 SC 688, 86 LE 932); Mooney v. Holohan, 294 U. S. 103 (55 SC 340, 79 LE 791). It is sufficient to show that police officers acting in behalf of the state in connection with the prosecution had knowledge of the perjured character of the testimony given by a witness for the state. See Pyle v. Kansas, 317 U. S. 213 (63 SC 177, 87 LE 214); Rivers v. Martin, 484 FSupp. 162 (WD Va. 1980); Curran v. Delaware, 154 FSupp. 27 (DC Del. 1957). It goes without saying that the allegedly perjured testimony was material — Herndon was the state's star witness against appellant. Thus, appellant's amended motion for a new trial and the affidavits attached thereto sufficiently charged a deprivation of a right guaranteed by the U. S. Constitution. Pyle v. Kansas, supra; Rivers v. Martin, supra.

2. However, as is true of any constitutional right, the right to claim a denial of due process on the ground that perjured testimony was used by the state may be waived. In cases where the court has found an effective waiver, it has been noted that the defendant knew at trial that the questioned testimony was perjured but did nothing to bring it to the attention of the court or the jury. See, e.g., Evans v. United States, 408 F2d 369 (7th Cir. 1969); McGuinn v. United States, 239 F2d 449 (D. C. Cir. 1956). In the case at bar, defense counsel repeatedly attempted to get Herndon to acknowledge that he had made pre-trial statements that he had been physically abused while in jail. Counsel met with little success — Herndon stated that he could not recall the content of one statement he had allegedly made and, while he said he remembered telling defense counsel in an interview that he had been beaten, he then denied defense counsel's recollection of the conversation. Trial counsel's unsuccessful attempt to get the witness' prior statements before the jury does not amount to the passivity shown by the defense attorneys in cases where a defendant was found to have waived his right to claim a denial of due process. We hold that appellant did not waive his right to a jury verdict untainted by perjured testimony, and conclude that in light of appellant's unrefuted showing of the knowing use of perjured testimony to secure his conviction, it was error for the trial court to deny appellant's amended motion for a new trial.

The cases cited by the state, *Stevens v. State,* 242 Ga. 34 (247 SE2d 838); and *Dickey v. State,* 240 Ga. 634 (242 SE2d 55), are inapplicable to the present case because they are concerned with possible violations of the rule in Brady v. Maryland, 373 U. S. 83 (83

SC 1194, 10 LE2d 215). The fact that defense counsel was aware of the prior statements allegedly made by Herndon concerning physical abuse remove the case from the auspices of Brady, which is concerned with evidence known to the prosecution but unknown to the defendant. United States v. Agurs, 427 U. S. 97, 103 (96 SC 2392, 49 LE2d 342). Certainly fairness and justice dictate that another inquiry in this case is justified and a new trial is required.

3. Appellant's remaining enumerations of error need not be considered here since they are unlikely to recur upon retrial.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED NOVEMBER 25, 1981 —

*Duncan A. Roush,* for appellant.
*Jim Wiggins, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellee.