## 63172. ARNOLD v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was charged by accusation with pandering by soliciting a fourteen-year-old female to perform an act of prostitution. He was tried, convicted and sentenced to serve 12 months. Defendant's motion for new trial was filed, heard and denied, and he appeals. *Held:*

1. One of the principal witnesses against the defendant was the victim's mother, who testified she was called by a friend of her daughter and notified that the defendant "had been over to the house and tried to rape" the victim. The mother, a security guard, requested permission to leave work and went immediately to her home, at which time her daughter told her that the defendant had offered her money to have sex and had attempted to rape her when she refused. As one of the first people on the scene after the alleged incident occurred she testified, under the res gestae exception to the hearsay rule, as to everything her daughter told her about the incident. On cross-examination the mother denied ever having used the name "Rita Dukes," or any other false name and denied that she had ever entered a plea under any name in Fulton County State Court on a shoplifting charge.

To rebut her testimony (as well as to impeach), a defense witness was called and testified that she was a co-defendant with the victim's mother in the State Court of Fulton County and was present when the mother entered a plea of nolo contendere to the offense of shoplifting under a false name, Rita Dukes.

The jury was recessed and both the victim's mother and this defense witness were instructed by the court as to the pertinent law concerning perjury. The victim's mother was advised of her right

against self-incrimination. The defense then attempted to introduce a certified copy of an arrest record with an attached photograph showing that Rita Dukes was the same person as the victim's mother and that she lied when she said she had never used the name Rita Dukes. However, the court excluded this document from evidence on the state's motion that it was not a certified record of any conviction.

At the motion for new trial hearing the defendant produced documentary evidence of the mother's application of a security guard and license to carry a weapon, including photographs and fingerprint charts. A witness, qualified as an expert on fingerprint identification, produced the original arrest record defendant had attempted to introduce at trial, including a certified copy of the plea of nolo contendere for the offense of shoplifting entered by Rita Dukes and her photograph and fingerprints. He identified the two as being the same. The mother was then called to the stand by the defense and the special prosecutor who had assisted in the criminal case informed the court that he had been employed to represent her against a charge of perjury and he had advised her to exercise her right to remain silent under the Fifth Amendment. The mother then refused to answer any questions "on the grounds it might incriminate me," all of which were propounded to her as "Ms. Dukes."

Three of the defendant's enumeration of errors are concerned with the above. We proceed to the consideration of same.

(a) The exclusion of the mere charge of a crime by the trial court during the trial was not error in that same is incompetent proof of an offense involving moral turpitude. A witness may be impeached, when the witness allegedly has been involved in a crime, by introduction of his criminal convictions involving moral turpitude, but the mere charge of a crime alone is not competent evidence to discredit him. See *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 2 (9), 14 (5 SE2d 214); *Woodward v. State,* 197 Ga. 60, 70 (8) (28 SE2d 480); *Smallwood v. State,* 95 Ga. App. 766 (3) (98 SE2d 602); *Hall v. State,* 241 Ga. 252, 254 (244 SE2d 833). This enumeration of error is not meritorious.

(b) Defendant contends that under the recent decision of this court in *Kitchens v. State,* 160 Ga. App. 492 (1) (287 SE2d 316), the knowing use of perjured testimony by the state was grounds for a new trial. However, the record here does not disclose that the conviction was based on the state's *knowing use of perjured testimony,* and we decline to reverse here based upon defendant's contention that the conviction cannot stand as a matter of law. Consequently, there is no merit in this complaint.

(c) The remaining enumeration of error concerning the above is that the trial court erred in refusing to grant a new trial after the

alleged proof of perjury committed during the trial and contending that the actions by the special prosecutor (we assume the taking of the Fifth Amendment during the motion for new trial by the witness) deprived the defendant of his right to due process of law. First of all there has been no finding that any perjury was committed, no conviction for perjury and the evidence with reference to perjury did not involve any material statement by the witness as to issues of fact concerning the defendant's guilt or innocence. Code § 110-706 (repealed for certain purposes by the Civil Practice Act of 1966) states that it shall not be lawful for a trial court to set aside any verdict or judgment by reason of a charge of perjury unless "duly convicted, and unless it shall appear to the said court that the said verdict, judgment . . . could not have been obtained and entered up without the evidence of such perjured person." We decline to reverse on this ground. See *Self v. State,* 108 Ga. App. 201, 202 (5) (132 SE2d 548). See also *Ross v. Hopper,* 240 Ga. 369 (1), 370 (240 SE2d 850), which requires proof that the testimony under which he was convicted was not only perjured but was "knowingly and intentionally used by the state to obtain a conviction." Accord, *Kitchens v. State,* 160 Ga. App. 492, 493, supra.

2. The state filed a motion in limine for an order instructing defense counsel to refrain "from making any direct or indirect reference whatsoever in person, by counsel or through witnesses, to any other criminal charges not involved in this case or any probation record of the minor [victim] in compliance with Section 24A-3502 of the Code of Georgia, which prohibits the disclosing of any juvenile proceedings to the public." Based on Davis v. Alaska, 415 U. S. 308, 320 (94 SC 1105, 39 LE2d 347), in which the Supreme Court held that the "interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness," the trial court overruled the state's motion in limine but advised as to what would be allowed with reference to cross-examination of the juvenile as to her adjudication of delinquency.

The defendant complains that he was therefore improperly limited in cross-examination of the victim and her "partner," the other minor, upon the trial. However, the transcript of the pretrial hearing discloses that defense counsel agreed to question the victim only to establish that she had been adjudicated a delinquent and was on probation, stating that he was "not interested in going on a fishing, smearing expedition." No objection was made when the court ruled that it would admit the certified records of the juvenile court proceedings only if the victim denied it, and prohibit questioning as to further details in order to protect the juvenile. Under these

circumstances the refusal of the trial court to permit unabridged cross-examination of the victim or of the partner as to what she and her "partner" had done to be adjudicated delinquent was not an abuse of discretion. See *Goodrum v. State,* 158 Ga. App. 602 (1), 603 (281 SE2d 254); *Crawford v. State,* 154 Ga. App. 362, 363 (2) (268 SE2d 414). Compare *Hines v. State,* 249 Ga. 257, 259-260 (2) (290 SE2d 911), revg. s.c. 160 Ga. App. 546 (2), 547 (287 SE2d 584).

3. The state asked questions on direct examination as to why the victim was afraid of defendant and whether he had made previous sexual advances. Defendant contends this improperly placed his character in issue in violation of a motion in limine granted prior to trial, and alleges error in the trial court's failure to grant a mistrial therefor. However, the transcript reveals that one objection was sustained when the witness started to answer, and on the other occasion the trial court stated in the presence of the jury, "I'm going to tell the jury to disregard the question; disregard the answer, and I overrule the motion for a mistrial." No further objections were made. " '[W]here the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit.' [Cits.]" *Grayson v. State,* 159 Ga. App. 138, 139 (1) (282 SE2d 755).

4. During cross-examination of the victim defense counsel asked her if she were "aware that a $3.5 million damage suit had been filed against your father as a result of an incident relating to these facts." Defendant asserts that the trial court erred in sustaining the state's objection on the grounds of irrelevancy and refusing to permit cross-examination to attempt to establish that her interest in the results of the civil suit was motivation for giving false testimony. We agree. Code § 38-1712 provides that "[t]he state of the witness' feelings to the parties, and his relationship, may always be proved for the consideration of the jury." As a general rule, and particularly when the evidence is conflicting, a party may show any fact or circumstance that might affect the credit of an opposing witness. *Quinn v. State,* 132 Ga. App. 395, 396 (2) (208 SE2d 263). "And on cross-examination it is always permissible to sift the motives of the witness and to show, if possible, any reason other than a purpose to tell the truth which may consciously or unconsciously actuate him in his testimony. [Cit.]" *Loomis v. State,* 78 Ga. App. 153, 167 (8) (51 SE2d 13). See also *Hines v. State,* 249 Ga. 257, 259-260 (2), supra. Accord, *Ladson v. State,* 248 Ga. 470, 474 (285 SE2d 508).

5. After the guilty verdict was returned against the defendant for the offense of pandering and before the trial court imposed sentence, the court advised the defendant that he had been found guilty of a misdemeanor of a high and aggravated nature and that he

could be punished by a fine not to exceed $5,000 or by confinement for a term not to exceed 12 months or "either a fine or confinement or both." See Code Ann § 27-2506.1 (Ga. L. 1970, pp. 236, 241). The trial court also called attention that he had an individual record card from the City of Newnan showing certain charges made against the defendant. The court then sentenced the defendant to 12 months in the custody of the Department of Corrections.

The defendant now enumerates as error the consideration of "extraneous, incompetent evidence supplied by the prosecution without notice to the Defendant." We note here that the record does not disclose that the individual record card was supplied by the prosecution, for when the state's attorney was asked if there was anything to be said before sentence was imposed counsel replied that the court had heard the evidence and that's all that could be added. Counsel for defendant seeks to argue that since Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) sets forth a requirement of notice of any evidence to be used against him in aggravation that the trial court erred in considering the individual record card. We note here that no objection was made when the court orally related items apparently included in the record card. One cannot "ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919). See also *Daniels v. State,* 230 Ga. 126, 127 (2) (195 SE2d 900); *Strozier v. State,* 231 Ga. 140, 141 (1) (200 SE2d 762). Compare *Sprouse v. State,* 242 Ga. 831, 834 (5) (252 SE2d 173) (a death penalty case) and our application of *Sprouse* in *Howard v. State,* 161 Ga. App. 743 (289 SE2d 815) (a felony). While we applied the ruling in *Sprouse* (a death penalty case) to the felony in *Howard* and reversed because no presentence hearing was held, we point out here that Code Ann. § 27-2503, supra, provides for presentence hearings in felony cases and no provision is made for presentence hearings in misdemeanor cases. Accordingly, the error enumerated is not meritorious.

6. The remaining enumeration of error contends that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt. After careful review of the entire record and transcript it is our view that a rational trier of fact (the jury in the case sub judice) could have reasonably found from the particular evidence adduced at this trial proof of guilt of the defendant beyond a reasonable doubt. See *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). The jury saw fit to believe the evidence produced against the defendant, and it was sufficient to convict. However, for the reason stated above in Division 4 in which the defendant was denied a thorough and sifting

cross-examination, a new trial will be necessary.
*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982.

*George C. Rosenzweig, Michael G. Kam,* for appellant.
*Clifford A. Cranford, Solicitor, Richard Fullerton, Assistant Solicitor, Joseph A. Jones, Jr.,* for appellee.