## 76227. HILL v. THE STATE.
(369 SE2d 790)

Pope, Judge.

James Hill brings this appeal from his conviction and sentence of criminal trespass, theft by taking, burglary, aggravated assault, aggravated sodomy and simple assault. *Held*:

1. Defendant's first enumeration cites as error the trial court's not requiring the State, upon written request, to turn over the criminal records of its witnesses, excluding law enforcement officers. This information, commonly known as "rap sheets," was not in the State's possession, but defendant asserts that the State had an affirmative obligation to research and provide such information. "There is no affirmative obligation on the prosecution to seek out information for the defense, although it might be more easily accessible to the prosecution, *Hines v. State*, 249 Ga. 257 [(1)] (290 SE2d 911) (1982), [aff'g 160 Ga. App. 546 (1) (287 SE2d 584) (1981), but rev'g on other grounds,] and there is no error." *Pitts v. State*, 253 Ga. 461 (1) (321 SE2d 708) (1984). See *Williams v. State*, 251 Ga. 749 (7) (312 SE2d 40) (1983).

2. Defendant next enumerates as error the trial court's failure to require the jury to engage in further deliberations after one juror twice gave negative answers during the polling after the verdict. The record shows the following: "THE COURT: . . . Mrs. Wright, [w]as this your verdict? MRS. WRIGHT: Well, yes. THE COURT: Well, yes or no? MRS. WRIGHT: Yes. THE COURT: Well is this your verdict? MRS. WRIGHT: Yes. THE COURT: Do you now agree to it? You do not agree to the verdict? MRS. WRIGHT: No, I don't disagree. THE COURT: I'm sorry? MRS. WRIGHT: No, I don't disagree. THE COURT: I'm sorry? MRS. WRIGHT: I don't disagree. THE COURT: I'm sorry. I'll ask you to please remain standing. I'll ask you the questions again. You have heard the verdict as published by the foreman and by the District Attorney? MRS. WRIGHT: Yes. THE COURT: And have you reviewed the verdict? MRS. WRIGHT: Yes. THE COURT: And did you agree to it in the jury room? MRS. WRIGHT: Yes. THE COURT: Was it your verdict? MRS. WRIGHT: Yes. THE COURT: Is it now your verdict? MRS. WRIGHT: No, wait. THE COURT: Well, ma'am, you see the questions are — the verdict has to be unanimous, which means it has to be agreed upon by all 12 of you, and that's what the purpose of this poll is. The defense has requested a poll of the jury, so it's my responsibility to poll you as the jury. If it's your verdict and if you are a part of a unanimous verdict, then you must agree to it, so your answers are somewhat conflicting. MRS. WRIGHT: The last one should be yes. THE COURT: Okay. So let me ask you, once again, please, and I'm not trying to put any pressure or words in your mouth but I've got to find out honest

answers to these questions. Mr. Hill has been according to the verdict returned in court found guilty in Counts One and Two of criminal trespass and Counts Three through Seven he has been found guilty as charged and in Count Eight he has been found guilty of simple assault. Now, was that your verdict in the jury room? MRS. WRIGHT: Yes. THE COURT: Did you agree to it? MRS. WRIGHT: Yes. THE COURT: Do you now agree to it? MRS. WRIGHT: Yes."

Following the poll defendant objected that "Mrs. Wright who twice said no may have misunderstood but then, again, she may have been led to change that." The trial court again interrogated the juror. "THE COURT: All right. Mrs. Wright, first of all, please understand that this is not an attempt to embarrass you or single you out. Okay? The Charge of the Court was that each juror must consider the case and make up his own mind with an eye towards reaching the verdict, but that any verdict that's rendered must be your personal, individual decision as a part of the jury. I recognize that there's give and take in the jury room, there's discussion back and forth and there are some people that feel strongly one way perhaps, some another way and some are somewhere in the middle, and please be assured that the Court will make certain that there is no coercion or humiliation nor anything else lodged at you or any other juror in connection with service as a juror. But . . . I'll ask you once more simply because there seemed to be some confusion. Did you understand the Court's charge that the jury was to deliberate and to try to reach a unanimous verdict? MRS. WRIGHT: Yes. THE COURT: And in your opinion has this jury done so? MRS. WRIGHT: Yes. THE COURT: And are you a part of that verdict? MRS. WRIGHT: Yes. THE COURT: Okay. So that verdict was your verdict and I don't mean necessarily during the course of the discussions but I mean once the jury reached a verdict, was that your verdict? MRS. WRIGHT: Yes. THE COURT: Okay. Did you agree to it? MRS. WRIGHT: Yes. THE COURT: And do you now agree to it? MRS. WRIGHT: Yes. THE COURT: Okay. I'm as satisfied as I can be that this is a valid, unanimous verdict and I appreciate it, Mrs. Wright."

"We find no error in the trial court's efforts to clarify and elaborate on its questions during the poll of the jury in this case. Furthermore, [the juror] clearly agreed to the verdict, and even reluctant agreement is sufficient. The State must remove reasonable doubts from the jurors' minds; it is not required to erase *every* question. The record reveals nothing to show that the twelve jurors did not unanimously find [defendant] guilty beyond a reasonable doubt. These circumstances disclose no error in the trial court's receiving the verdict. The holding in *United States v. Edwards*, 469 F2d 1362 (II) (5th Cir. 1972), does not require a different result." (Citations and punctuation omitted.) *Scruggs v. State*, 181 Ga. App. 55, 56 (351 SE2d 256)

(1986). We find nothing in the dialogue between the court and the juror, Mrs. Wright, to warrant defendant's assertion that the remaining jurors' responses were "chilled" thereby.

3. Defendant also assigns error to the trial court's allowing the prosecutor to "read" to the jury during closing argument, which, he asserts, amounted to the forbidden act of "reading law" to the jury. Our review of the pertinent portions of the record discloses no objection in this regard and also discloses no evidence that the prosecutor engaged in "the ancient ritual of 'reading law' to the court." *Conklin v. State*, 254 Ga. 558, 569 (331 SE2d 532), cert. den., 474 U. S. 1038 (1985), reh. den., 475 U. S. 1040 (1986). Rather, the prosecutor's argument related to the charges of the indictment and the facts applicable thereto and the statutory burden upon the State to prove its case. The prosecutor also related in general terms the applicable statutory law, noting that the court would fully charge the jury as appropriate. "Although the practice of 'reading law' to the court has been abolished in criminal cases, counsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge)." (Citations and punctuation omitted.) *Boyce v. State*, 184 Ga. App. 578, 580 (362 SE2d 229) (1987), aff'd 258 Ga. 171 (366 SE2d 684) (1988).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 13, 1988.

*Hurl R. Taylor, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Assistant District Attorney,* for appellee.