A89A1622. WILSON v. THE STATE.
(387 SE2d 642)

DEEN, Presiding Judge.

Cedric Wilson brings this appeal following his conviction of aggravated assault, asserting as his sole error the trial court's ruling which denied his amended motion for a new trial. He contends that the court should have ordered a psychological evaluation based on medical records submitted in conjunction with the motion to ascertain either his medical condition at the time of the offense, or his mental condition at the time of trial; and that if he has a mental illness he should not be held accountable for not disclosing this information to counsel prior to trial. *Held*:

OCGA § 5-5-23 provides for the grant of a new trial when the newly discovered evidence is "not merely cumulative or impeaching in its character but relating to new and material facts, is discovered by the applicant after the rendition of a verdict against him and is brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial."

The evidence which appellant's counsel claims to be newly discovered is records of appellant's psychiatric problems which occurred some six years prior to the incident in question. There was no contention prior to or during trial that appellant was mentally incompetent either at the time the assault was committed or at the time of his trial. There is nothing in the trial transcript to demonstrate such an assertion. No attempt was made prior to trial by his attorney to determine his psychiatric history, and there was no showing in his motion that this newly discovered evidence was not available through the exercise of ordinary diligence. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980); *Downs v. State*, 141 Ga. App. 173,

174 (233 SE2d 32) (1977).

The grant or denial of a new trial based on newly discovered evidence is a decision within the sound discretion of the trial court. Its ruling will not be disturbed absent an abuse of that discretion. *Long v. State*, 237 Ga. 110, 111 (227 SE2d 22) (1976). We find no abuse present in this case.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1989.

*P. Dewey Gill*, for appellant.

*Willis B. Sparks III*, District Attorney, *Graham A. Thorpe, Howard Sims*, Assistant District Attorneys, for appellee.