## A92A1982. BACON v. THE STATE.
(427 SE2d 32)

Andrews, Judge.

Bacon was tried and convicted of two counts of armed robbery and one count of aggravated assault and appeals.

In his sole enumeration of error, Bacon contends that the trial court erred in not granting a mistrial because of the State's failure to notify him prior to trial that one of the witnesses it would call had prior felony convictions.

The record before us reveals that Bacon was co-indicted with Gregory Hagan and Wayne Lovett for armed robbery and aggravated assault. Bacon filed a request for disclosure pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), in which he requested disclosure by the State of any exculpatory information. In a motion to disclose impeaching information, Bacon specifically requested information of felony convictions of the witnesses called by the State.

On March 16, 1992, a hearing on the case was held at which time Hagan entered a plea of guilty. Immediately prior to the court's acceptance of Hagan's plea, the attorney for Bacon requested the court's permission to leave the courtroom. Bacon's attorney contends that he was not in the courtroom to witness Hagan's plea and subsequent testimony, although this fact is not clear from the record. During the subsequent portion of the hearing the court asked Hagan if he had a prior criminal record and he admitted that he did.

The trial was held on March 24, 1992 and Hagan was called by the prosecution as a witness. His testimony was that during the robberies he held his gun on the victims and instructed Bacon. Hagan's testimony was corroborated by two witnesses and by Bacon, who also testified.

The record reveals that at the time of the trial, Bacon's attorney had a copy of the transcript of the hearing at which Hagan admitted that he had prior convictions. Further, there is no indication from the record before us that the State actually had copies of Hagan's prior convictions in its files.

Because there was no evidence that the State possessed Hagan's criminal records, we find no error in the State's failure to provide cop-

ies of the records themselves. "There is no affirmative obligation on the prosecution to seek out information for the defense, although it might be more easily accessible to the prosecution." (Citations and punctuation omitted.) *Hill v. State*, 187 Ga. App. 150 (1) (369 SE2d 790) (1988).

Thus, the question becomes whether the trial court erred in denying Bacon's motion for a mistrial on the grounds that the State had an obligation to inform him of Hagan's criminal record after the March 17 hearing and prior to the start of trial. Pretermitting the question of whether the State was required to reveal this information (see, e.g., *Lariscey v. State*, 254 Ga. 241, 242 (2) (328 SE2d 213) (1985)), we find no error. First, it is apparent from the record that Bacon was aware of this information during trial. "*Brady* holds that suppression by the prosecution of evidence favorable to the accused which is material to either guilt or punishment violates due process. It does not require pre-trial disclosure of materials sought under a *Brady* motion, nor is there a *Brady* violation where information sought becomes available to the accused at trial." *Shearer v. State*, 259 Ga. 51 (1) (376 SE2d 194) (1989). Moreover, Bacon has failed to show how any alleged failure by the prosecution to provide this information materially affected his case. See generally *Wallin v. State*, 248 Ga. 29, 33 (6) (279 SE2d 687) (1981).

Finally, Bacon argues that the State's failure to disclose the convictions prevented him from performing an investigation which would have revealed a deal between Hagan and the State regarding his testimony at trial. There was no evidence of a deal and we find this enumeration without merit. See generally *Griggs v. State*, 181 Ga. App. 618, 620 (6) (353 SE2d 97) (1987); *Sams v. State*, 197 Ga. App. 201, 203 (3) (397 SE2d 751) (1990).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JANUARY 6, 1993.

*Jon G. Branan*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.