A93A0567. BETHA v. THE STATE.
(432 SE2d 242)

ANDREWS, Judge.
Betha was convicted of a violation of OCGA § 16-13-30 and ap-

peals.

In his sole enumeration of error, Betha claims that the trial court erred in denying his motion for new trial under OCGA § 5-5-23.

Initially we must address the issue of jurisdiction. The verdict and sentence against Betha were filed on June 4, 1992. The notice of appeal was filed on June 24, 1992. The motion for new trial was filed on July 2, 1992. The trial court denied the motion in an order dated November 4, 1992.

Although the notice of appeal was filed prior to a ruling on the motion for new trial, jurisdiction is proper since the notice of appeal ripened. "Formerly, an appeal from a judgment on a verdict brought while the case was pending on motion for new trial was premature and of no validity. . . . This is no longer true . . . premature filing is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned. . . ." *Langston v. State*, 202 Ga. App. 431, 432 (1) (414 SE2d 676) (1992), citing *Shirley v. State*, 188 Ga. App. 357 (1), 358 (373 SE2d 257) (1988). Thus, we turn now to Betha's enumerated error.

Evidence at trial was that Betha was arrested on February 12, 1992 after selling crack cocaine to an undercover agent for $20. The undercover agent, Eugene Johnson, testified at trial. He stated that he bought the substance from Betha at about 4:30 p.m. on that same date after meeting Betha on Floyd Street near an abandoned pool room. Johnson testified that he, Betha, and a confidential informer got into Betha's pickup truck and drove away from the area. Johnson testified that they rode to a parking lot, where the sale was consummated in the pickup truck.

Betha presented an alibi defense, in support of which he presented four witnesses, including himself. The first witness, Eddie Ray Latimore, testified that he and Betha were at Amanda Robinson's house playing cards and visiting from 2:30 p.m. until about 6:00 p.m. on February 12, 1992. Willie Lee Davis testified and corroborated Latimore's testimony. Defendant's brother, William Betha, testified that he had sole possession of Betha's pickup truck for the entire day of February 12. Finally, Betha testified that he was at Amanda Robinson's house and that he did not drive his pickup truck on that date, but drove another vehicle. He stated that he stayed at her house from about 1:00 p.m. until about 6:00 p.m.

In rebuttal, the State called Officer Hall who testified that when he attempted to arrest Betha in March 1992, Betha fled.

The jury convicted Betha and he filed a motion for new trial pursuant to OCGA § 5-5-23 on the basis of alleged newly discovered evidence. The evidence consisted of the affidavit of Denise Swint in which she stated that on February 12, 1992 at approximately 4:30 p.m. she was in the vehicle with Eugene Johnson and another man,

Melvin Hooks, at the pool hall area. She stated that neither man entered Betha's vehicle on that date. At the hearing on the motion, Swint testified further that neither Johnson nor Hooks even talked to Betha on that date.

The trial court denied Betha's motion, citing *Humphrey v. State*, 252 Ga. 525, 528 (3) (314 SE2d 436) (1984), which states: "[o]n motion for new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. Failure to show one requirement is sufficient to deny a motion for new trial."

Betha's motion was properly denied. Betha claims that he was unaware that Ms. Swint observed him near the pool hall. This contention does not explain the reason for Swint's delayed appearance in the case, and there is no showing of the due diligence required by *Humphrey*. See generally *Jefferson v. State*, 157 Ga. App. 324 (2) (277 SE2d 317) (1981).

Furthermore, Ms. Swint's testimony contradicts not only Johnson's testimony, but also Betha's trial testimony. At trial, Betha claimed that he was not present at the pool hall area and that he did not have his pickup truck that day. The inconsistencies between the four defense witnesses who were called at trial and Swint's testimony make it unlikely that a different verdict would have resulted from this evidence. All six requirements were not met, as required to secure a new trial. See generally *Young v. State*, 194 Ga. App. 335 (1) (390 SE2d 305) (1990); *Westbrook v. State*, 186 Ga. App. 493 (4) (368 SE2d 131) (1988).

We find no abuse of the trial court's discretion in his failure to grant the motion. See *Wilson v. State*, 193 Ga. App. 374 (387 SE2d 642) (1989).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 2, 1993.

*Edwin A. Smith*, for appellant.
*Richard A. Malone*, District Attorney, *William S. Askew*, Assis-

*tant District Attorney*, for appellee.