A93A1675. WRIGHT v. THE STATE.
A93A1676. WRIGHT v. THE STATE.
A93A1677. BELL v. THE STATE.
(440 SE2d 27)

SMITH, Judge.

Donald Wright, Ronald Wright and Cedric Bell were convicted by a jury of aggravated assault on David Keith Salters. OCGA § 16-5-21. A motion for new trial was made and denied as to all three defendants and they appeal.

1. All three defendants enumerate as error the general grounds, either on the overruling of their motions for new trial or on the basis that the State failed to prove all the elements of the crime of aggravated assault. On appeal, the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

Viewed in the light most favorable to the verdict, *Gazaway v. State,* 207 Ga. App. 641, 642 (1) (428 SE2d 659) (1993), the evidence showed that the victim while still in the hospital identified his assailants to his aunt as "some guy named Ced Bell" and "You know, them twins . . . Ronald and Donald," as well as a fourth person. He also identified them to his mother while in the hospital as "Ced Bell and the twins and Bo Bo." At trial, the victim identified the three defendants in the courtroom. He testified that he was standing outside a grocery store when he was approached by "Ceds [sic] and them two twins and some other dude" that he knew by sight but not by name, who apparently objected to his talking with a young woman. The men surrounded him; Bell and the fourth man in front of him and the twins behind him, and he was struck from behind, first with a fist and

then with an object that he could not identify. He did not see who struck him, but concluded that it was one of the twins because they were the people behind him. The victim acknowledged that he had been drinking on the day of the confrontation, but denied that he was drunk and insisted that he recognized his assailants. The victim was found in an unconscious state, beaten about the left side of his face. He was unresponsive when admitted to the emergency room, and was still bleeding from his face and nose when his mother visited him. The emergency room physician determined that he was suffering from a brain concussion and called in a neurosurgeon. He was released from the hospital after four days, with a diagnosis of basilar skull fracture, cerebral concussion and contusion, acute alcohol encephalopathy, and lacerations, abrasions, and contusions.

Donald and Bell complain that the elements of aggravated assault were not proved because of the victim's failure to identify positively the person who struck him or the object he was struck with after being hit with a fist. Ronald and Bell complain that the evidence failed to support a verdict as against them. Bell also contends that newly discovered evidence required a new trial.

Aggravated assault may be committed "with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Hands and fists may be deadly weapons depending upon the circumstances, including the extent of the victim's injuries. *Harper v. State*, 152 Ga. App. 689, 691 (2) (263 SE2d 547) (1979). Even in the absence of a description of the offensive weapon, evidence as to the nature, kind, and location of wounds inflicted is sufficient to allow the jury to infer the character of the weapon. *Wade v. State*, 157 Ga. App. 296, 297 (277 SE2d 292) (1981).

While mere presence at the scene of a crime does not support a conviction, " ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' [Cit.]" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). A rational trier of fact could reasonably find that the Wrights and Bell were guilty of the offense charged beyond a reasonable doubt under the standard of *Jackson v. Virginia*.

The newly discovered evidence alleged by Bell consists of an affidavit from an individual who stated that the victim's aunts (including the aunt who testified at trial) told him that the victim had identified "the twins and Bo Bo" as his assailants, and that the aunts believed that a different set of twins named Shelby and Spencer "could be" the victim's assailants. The evidence offered constitutes inadmissible hearsay, consisting as it does of an assertion of what the affiant says the victim's aunts speculated about what the victim told them. We

find no abuse of discretion in the trial court's denial of the motion for new trial on the ground of newly discovered evidence. *Wilson v. State*, 193 Ga. App. 374, 375 (387 SE2d 642) (1989).

2. Bell and Donald contend that the trial court erred in denying their motion for a mistrial on the basis of the State's failure to disclose the victim's alleged mental retardation. Bell and Donald filed general motions under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Approximately one week before trial, the victim's mother told the prosecutor in a telephone conversation that her son had graduated from high school with the EMR (Educable Mentally Retarded) class. The prosecutor mentioned the mother's statement to Bell's counsel the day before trial. However, the prosecutor stated that no information on the victim's competence was in the State's file, the trial court recollected none, and there is nothing in the record before us to indicate that the State had such information. Bell and Donald moved for a mistrial based on the State's failure to provide them with this information.

The State "is under no requirement to conduct an investigation on behalf of a defendant. . . ." *Dalton v. State*, 251 Ga. 641 (1) (308 SE2d 835) (1983). See *Hill v. State*, 187 Ga. App. 150 (1) (369 SE2d 790) (1988). There was no obligation on the prosecutor to follow up or investigate the statement made by the victim's mother, which was provided to opposing counsel the day before trial. Even assuming that such information may be deemed exculpatory, *"Brady* does not require *pre-trial* disclosure of exculpatory material, and is not violated when such material is made available to defendants *during the trial. Castell v. State*, 250 Ga. 776, 781 (301 SE2d 234) [(1983)]." (Emphasis in original.) *Fuqua v. State*, 183 Ga. App. 414, 417 (1b) (359 SE2d 165) (1987).

Moreover, appellants have not shown how any alleged failure by the prosecution to provide this information materially affected their case. See *Bacon v. State*, 207 Ga. App. 39, 40 (427 SE2d 32) (1993) (witness' criminal conviction). The trial court examined the victim with regard to his competence to testify, and appellants examined the victim's mother regarding his education, disability income, and work history. Appellants likewise cross-examined the victim on the same issues. See *Wallin v. State*, 248 Ga. 29, 33-34 (6) (279 SE2d 687) (1981).

3. Donald also enumerates as error the trial court's denial of his motion to suppress the pre-trial identification made by the victim from a police photographic line-up. Given the repeated and consistent identification of the appellants by the victim in the hospital, to the police *before* viewing the photographic array, and at trial, "any suggestiveness in the pretrial identification procedures employed by the police did not give rise to a substantial likelihood of irreparable

mistaken identification." *Jones v. State*, 251 Ga. 361, 363 (1) (306 SE2d 265) (1983). "The trial court held a pretrial hearing on the motion and, '(i)n the absence of evidence of record demanding a finding contrary to the judge's determination, we will not reverse the ruling denying the suppression. The evidence was sufficient to show that this (photo spread) was not impermissibly suggestive. (Cit.)' [Cit.]" *Kelly v. State*, 174 Ga. App. 424, 425 (2) (330 SE2d 165) (1985).

4. Bell enumerates as error the trial court's failure to give four charges which he requested.

The failure to give requested instructions in the exact language requested is not a ground for new trial where the charge given substantially covers the same principles. *Burris v. State*, 204 Ga. App. 806, 811 (3) (420 SE2d 582) (1992). Moreover, denial of a charge request is proper where the request is incomplete on its face or inadequately adjusted to the evidence. *Harris v. State*, 202 Ga. App. 618, 621 (4c) (414 SE2d 919) (1992).

Bell's requested charge number 8 is based in part upon a pattern charge. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, p. 17. However, Bell does not point to anything in the record to show that the trial court expressed any opinion upon the facts of the case, the witnesses, the evidence, or the guilt or innocence of appellants. The requested charge was not adjusted to the evidence, and the trial court did not err in refusing to give it.

Bell did not offer any citation of authority to the trial court for his requested charge number 5, which consists of one sentence taken from a much longer charge on jury deliberations, instructing the jurors not to surrender their individual opinions "in order to be congenial." The court instructed the jurors on reasonable doubt, and their duty to express their individual opinions during deliberations. The court also fully charged the jury on the presumption of innocence and substantially covered the principles of law set forth in Bell's requested charge number 14. Finally, Bell's requested charge number 4 with regard to the burden of proof was given almost verbatim. The trial court did not err in refusing to give these requested charges.

5. Ronald, through new counsel on appeal, raises a claim of ineffective assistance of trial counsel in violation of his state and federal constitutional rights. In order to establish ineffectiveness of counsel under *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), the appellant must show both legal representation falling below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bowley v. State*, 261 Ga. 278, 280 (4) (404 SE2d 97) (1991). Where new counsel undertakes the representation of appellant after a motion for new trial is denied, ordinarily the case is remanded for an evidentiary

hearing and ruling by the trial court; however, "[a]s it is apparent as a matter of law that [appellant] cannot satisfy the second element of this test, we need not remand for a hearing on whether counsel was ineffective. [Cits.]" *Brundage v. State*, 208 Ga. App. 58, 59 (2) (430 SE2d 173) (1993).

Ronald raises as ineffective assistance, first, the failure of his counsel to move for a directed verdict. Because we hold in Division 1 that the evidence satisfies the requirements of *Jackson v. Virginia*, this ground is insufficient as a matter of law. Second, Ronald complains of his counsel calling witnesses when the State had failed to prove its case, and failing to object to a portion of the testimony of one of them. As noted above, Ronald's characterization of the State's evidence is incorrect. Moreover, "[t]he decisions on which witnesses to call, whether and how to conduct cross-examinations, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense." (Citations and punctuation omitted.) *York v. State*, 207 Ga. App. 494, 496 (428 SE2d 113) (1993). Ronald has failed to show how this tactical decision on the part of his counsel could have affected the factfinding process, or changed the outcome of the proceeding.

*Judgments affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993.

*Betty S. Frazer*, for Donald Wright.
*John L. Tracy*, for Ronald Wright.
*T. Lee Bishop, Jr.*, for Cedric Bell.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for the State.