### S01A0750. MILLER v. THE STATE.
(546 SE2d 524)

BENHAM, Chief Justice.

Appellant Antavis Miller was convicted of malice murder and possession of a firearm during the commission of a crime in connection with the death of Khay Nohkhaokath on October 31, 1996. On appeal, appellant contends only that the evidence presented by the State was not sufficient to authorize the jury's verdicts. We disagree and affirm the judgment of conviction entered by the trial court.[1]

The State presented evidence that the victim was fatally shot with a Lorcin .380 caliber handgun in the head, the chest, and the right hand in a Clayton County apartment complex between 3:00 and 4:00 p.m on October 31, 1996. A resident of the complex identified appellant as the man the witness saw point a gun at an unarmed Asian man, accuse him of being a "narc," and threaten to kill him. The witness then heard four gunshots. Another man who admitted he was with appellant in the apartment complex and was also facing murder charges in connection with the victim's death, testified that appellant had pulled out a gun and fired three shots at the victim after the victim had approached appellant and the witness and flashed money. The witness also testified that the handgun established to be the murder weapon was "similar" to the handgun appellant used. The victim's body was found at the end of a bloody trail leading from the scene of the shooting.

Under OCGA § 24-4-8, the testimony of appellant's accomplice, in and of itself, is not sufficient evidence to authorize appellant's convictions. However, the testimony of the resident-witness is sufficient

---

[1] The victim was killed on October 31, 1996, and appellant was indicted for, among other things, malice murder and possession of a firearm during the commission of a crime during the February 1998 term of the Clayton County grand jury. Appellant's trial commenced November 10, 1998, and concluded on November 12 with the jury's return of guilty verdicts on all counts. Appellant was sentenced to life imprisonment for the murder and a consecutive five-year term for the firearms conviction. Appellant filed a motion for new trial on December 4, 1998, and a notice of appeal on November 20, 2000. On November 29, 2000, appellant filed a motion to dismiss his motion for new trial, and the trial court granted the motion the same day, causing his premature notice of appeal to ripen. *Betha v. State,* 208 Ga. App. 802, 803 (432 SE2d 242) (1993) (notice of appeal filed prior to trial court's ruling on the motion for new trial ripened upon the filing of the ruling on the motion for new trial). See also *McCulley v. State,* 273 Ga. 40, 43 n. 3 (537 SE2d 340) (2000) (premature notice of appeal ripened upon filing of appellant's sentence). The case was docketed in this Court on February 15, 2001, and submitted for decision on the briefs.

independent corroborating evidence connecting appellant to the crimes to permit the jury, when considering it together with the rest of the evidence, to find beyond a reasonable doubt that appellant was guilty of the crimes charged. *Myers v. State*, 260 Ga. 412 (3) (395 SE2d 811) (1990). Contrary to appellant's assertion, the evidence presented against appellant is not made insufficient by the fact that the testimony of several witnesses for the State differed with regard to the number, gender, and identity of the persons gathered with appellant at the time of the shooting.

> "Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." [Cit.]

*Peek v. State*, 247 Ga. App. 364 (1) (542 SE2d 517) (2000).
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Jeffrey W. Cofer*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.