A92A0149. HARRIS v. THE STATE.
A92A0150. JACKSON v. THE STATE.
(418 SE2d 394)

JOHNSON, Judge.

On November 10, 1989, three men armed with a handgun robbed Eva Dallas (Dallas) of her car, car keys, money and a pizza. One of the men, Michael Sheppard (Sheppard), confessed to having commit-

ted the armed robbery of Dallas and implicated appellants Craig Harris (Harris) and Brian Jackson (Jackson) as accomplices. Thereafter, Harris and Jackson were convicted of armed robbery by a jury. They appeal from their convictions and the denial of their motions for new trial. We affirm.

1. In Case No. A92A0149, Harris contends in his first enumeration of error that the evidence presented at trial was insufficient to uphold his conviction.

After reviewing the record, we find that there was sufficient evidence to support Harris' conviction of armed robbery. The transcript reveals testimony from Sheppard that while Jackson pointed the gun at Dallas, Harris took money and a pizza from her. This testimony was corroborated by Dallas' testimony. The trial court correctly charged the jury on the principle of party to a crime.

A person cannot be convicted of a felony solely upon the uncorroborated testimony of an accomplice. *Shumake v. State*, 159 Ga. App. 141 (282 SE2d 756) (1981). However, where there is corroborating testimony, as in the instant case, the corroborating evidence need only be slight to be sufficient. *Shumake*, supra. The sufficiency of corroborating evidence should be " 'peculiarly a matter for the jury to determine.' [Cits.]" *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393) (1983).

Considering the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Harris guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In Case Nos. A92A0149 and A92A0150, both Harris and Jackson enumerate as error the trial court's jury instructions on armed robbery and the lesser included offense of robbery by intimidation.

The transcript reveals that the trial court charged the jury on the lesser included offense of robbery by intimidation as follows: "If you find present in the case before you all elements of armed robbery, but you do not find that any offensive weapon or thing having the appearance of such was used, but that the taking was accomplished by the accused putting the alleged victim in such fear as in the common experience of mankind would create in the mind of the victim an apprehension of danger to her life or limb, and if you so believe beyond a reasonable doubt, then you would be authorized to find that defendant or those defendants guilty of robbery by intimidation."

After the jury had been excused to begin their deliberations, they submitted the following question to the court: "If a gun is present, can the charge be intimidation or must it be armed robbery?" The court then called the jurors back into the courtroom and re-charged them on the definition of armed robbery, which provides that robbery by intimidation is a lesser included offense. See OCGA § 16-8-41 (a).

Testimony from Sheppard, Jackson, and Harris showed at the very least that a gun was present on the person of Jackson while the robbery was taking place. While there is conflicting evidence as to whether the gun was used in the commission of the robbery, there was testimony from both Sheppard and the victim, Dallas, on that issue as noted above. The appellants assert that the trial court should have charged the jury more thoroughly on robbery by intimidation to make it clear to them that even if they found that a weapon was present at the time of the robbery, they would have to further find that it was used in the commission of the crime to conclude that an armed robbery took place.

The court's jury charge and re-charge on armed robbery and robbery by intimidation came directly from the pattern jury instructions. The charge was both a complete and an accurate statement of the principles of law involved. Therefore, no error was committed by the trial court and its judgment denying appellants' motion for new trial shall not be disturbed.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 15, 1992.

*Hartley, Puls & O'Connor, Alton G. Hartley*, for appellant (case no. A92A0149).

*King & King, David H. Jones*, for appellant (case no. A92A0150).

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Jeffrey H. Brickman, J. George Guise, Assistant District Attorneys*, for appellee.