### A92A1785. BROWNING v. THE STATE.
(428 SE2d 441)

BLACKBURN, Judge.

The defendant, Bruce Browning, was convicted by a jury of theft by taking a motor vehicle and sentenced to five years' imprisonment. The defendant subsequently moved for a new trial, and in support of this motion, filed several affidavits, including affidavits from two of the jurors and an affidavit from the victim. Following a hearing and consideration of the arguments, briefs, record and transcript, the trial court denied the defendant's motion for new trial, from which he appeals.

At trial, the victim testified that he and his son noticed that his blue and gray, medium-sized, 1970 Ford tractor was missing on the afternoon of June 11, 1990. Based upon the imprints that had been left near the area where the tractor was last seen, it appeared that the tractor had been loaded on a longbed truck. This fact was later confirmed by Agent Wayne Smith of the Georgia Bureau of Investigation. The victim paid $2,900 for the tractor at the time of purchase. The day after the theft, the victim had his son contact the sheriff's department and inform them of the missing tractor. After an investigation, the tractor was found in Alabama at the home of a man who had purchased the tractor from an auction for $3,625. The defendant had sold the tractor to the auctioneers on June 12, 1990. The tractor was subsequently returned to the victim. The victim had not given anyone

permission to take the tractor off of his property.

Officer Jimmy Adams of the Lumber City Police Department, testified that on the day of the theft, he had seen the defendant in a four-wheel drive pick-up truck pulling a blue Ford tractor on a longbed trailer. In addition, Ronald Simmons, a friend of the defendant, admitted at trial that he had hauled the tractor to the Alabama auction for the defendant. The defendant testified that he purchased the tractor from a man named Harold Nobles, who was not present at or subpoenaed to trial. The defendant stated further that when Nobles did not bring the tractor to him as promised after he had paid Nobles for the tractor, he retrieved the tractor from the victim's property at the instruction of Nobles. However, when the defendant was questioned by the police on June 12, 1990, he denied having possession of the tractor at any time.

1. In his first enumeration of error, the defendant contends that the evidence was insufficient to support the verdict. We disagree.

On appeal of a criminal conviction, the standard of review is whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986). At trial, the defendant testified that he retrieved the tractor but contends that he had purchased the tractor from an individual who was not present at or subpoenaed for trial by the defendant. The defendant's testimony was contradicted by the testimony of Agent Smith who stated that the defendant denied possession of the tractor the day after it was taken by the defendant from the victim's property. "[T]his court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. [Cit.]" *Daniel v. State*, 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991). The jury weighed the testimony against the defendant, and this court may not substitute its judgment for that of the jury. In reviewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, the defendant contends that there was juror misconduct sufficient to warrant a new trial, in that an unnamed juror, during the jury's deliberation, revealed his personal knowledge of Harold Nobles' reputation and character in the nature of testimonial evidence. As a result, the defendant argues that the jury was allowed to consider matters which were not lawfully admitted into evidence, denying his right to confront such testimonial evidence. In support of this enumeration, the defendant submitted the affidavits of two of the jurors.

"The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 17-9-41. "There are a number of important public policy considerations underlying the rule which prove its sagacity. Among these considerations are: the need to keep inviolate the sanctity of juror deliberations, the desirability of promoting the finality of jury verdicts and the necessity of protecting jurors from post-trial harassment." *Watkins v. State*, 237 Ga. 678, 683-684 (229 SE2d 465) (1976). Further, " 'it has been repeatedly held that the affidavit of a juror will not be received to show that the jurors in arriving at their verdict acted upon private knowledge or upon matters which were not in evidence.' [Cit.]" *Emmett v. State*, 243 Ga. 550, 555 (6) (255 SE2d 23) (1979). Accordingly, the trial court did not err in denying the defendant's motion for new trial on this basis because the jury's verdict may not be impeached by the jurors' affidavits submitted by the defendant.

3. In his third enumeration of error, the defendant contends that the trial court erred in imposing a felony sentence under the provisions of OCGA § 16-8-12 (a) (4) (A) as the tractor in question is not a "motor vehicle" as contemplated by law. We disagree.

Pursuant to OCGA § 40-1-1 (33), motor vehicle has been defined as "every vehicle which is self-propelled." The evidence revealed that the tractor in question was self-propelled and its value in excess of $500. Consequently, we find that the definition of motor vehicle includes the tractor in question and the trial judge did not err in imposing a felony sentence.

4. Lastly, the defendant contends that the trial court erred in denying his motion for new trial based upon newly discovered evidence of similarly fraudulent transactions involving the individual from whom the appellant allegedly purchased the tractor.

"To obtain a new trial [based upon newly discovered evidence], a movant must satisfy the court '(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted.' [Cit.]" *Young v. State*, 194 Ga. App. 335 (1) (390 SE2d 305) (1990). "The grant or denial of a new trial based on newly discovered evidence is a decision within the sound discretion of the trial court. Its ruling will not be disturbed absent an abuse of that discretion. [Cit.]" *Wilson v. State*, 193 Ga. App. 374, 375 (387 SE2d 642) (1989).

We agree with the trial court that the appellant has not shown that due diligence would not have revealed this evidence sooner or

that this evidence is so material that it would have probably produced a different result. Further, considering the fact that the appellant testified that this individual, Nobles, allegedly sold him the tractor in question, this information that he proposes to introduce concerning Nobles' involvement with similarly fraudulent transactions, is cumulative. Accordingly, we find that the trial court did not abuse its discretion in denying the defendant's motion for new trial based upon his failure to meet the six-prong test enunciated in *Young*.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1993.

*Harrison, Harrison & Llop, Steven M. Harrison*, for appellant.
*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.