## A94A1149. GRAY v. THE STATE.
(445 SE2d 328)

BLACKBURN, Judge.

This is the second appeal of the armed robbery conviction of the appellant, Godfrey Gray. In *Gray v. State*, A93A2331, decided March 16, 1994, but not officially reported, we dismissed Gray's initial appeal as moot following the trial court's grant of Gray's motion to file the

present out-of-time appeal.[1] Gray's initial appeal was procedurally deficient based upon his former appointed counsel's failure to file a brief and enumerations of error, pursuant to Rules 14 (a) and 27 (b) of the Rules of the Court of Appeals, as ordered by this Court.

1. Initially, Gray asserts that the trial court erred in denying his motion for a directed verdict of acquittal because the evidence was insufficient to support his conviction. We disagree.

The evidence produced at trial shows that at approximately 11:00 a.m., January 4, 1992, Gray and several accomplices awaited the arrival of an armored truck for a scheduled pickup at a restaurant in Fulton County. Gray and his accomplices had been informed of the truck's scheduled arrival by Rodney Watkins, an acquaintance of Gray and an employee of the armored service who participated in the robbery venture. Watkins drove the armored truck to the restaurant as planned and parked the truck in the front of the restaurant as another employee went inside to secure the restaurant's deposits. As the employee exited the restaurant and attempted to enter the truck, Gray pushed the employee from behind, and a struggle ensued. During the struggle, the victim felt the outline of a gun in Gray's pocket. Gray forced the employee onto the floor of the truck, and instructed both Watkins and the employee to toss their weapons into the rear of the truck. Gray demanded that Watkins drive down an adjacent street where Gray exited the truck with checks and cash from previous pickups. Thereafter, Gray entered an awaiting car driven by an accomplice and owned by Gray's wife. A bag containing the restaurant's deposits was later retrieved by the restaurant's manager near the restaurant.

The police were summoned, and during their subsequent search of the home of Gray's mother, they discovered the clothing worn by Gray during the incident. They also found $6,000 in cash wrapped in aluminum foil as described by an accomplice. Gray and his accomplices were subsequently arrested. Gray was identified at trial and in a prior photographic array by the victim as the armed robber. He was also identified by his articles of clothing by an employee of the restaurant who observed the incident. In addition, Watkins and another accomplice, Al Lester, testified at trial as to Gray's participation in the robbery.[2]

Gray did not testify at trial but presented the testimony of his

---

[1] In its January 29, 1994, order granting the motion, the trial court also appointed Gray's present counsel to represent him on appeal.

[2] Watkins pled guilty to the lesser offense of robbery for his participation in the incident. At the time of trial, he had served ninety days in jail and was on probation for the remaining portion of his five-year sentence. Lester also pled guilty to robbery and was sentenced to five years in prison to serve two. He served 11 months in prison prior to trial and the balance of his sentence was suspended.

wife in support of his alibi defense. She testified that her husband had been at home with her on the morning of the robbery from approximately 11:00 a.m. until 12:30 p.m. Mrs. Gray recanted portions of a written statement given to the police a few days after the robbery, maintaining that the statement was made under duress. However, she did admit, as noted in the statement, that Gray had instructed her to report her automobile as stolen on the morning of the robbery.

"On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Browning v. State,* 207 Ga. App. 547, 548 (1) (428 SE2d 441) (1993). "The determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury. [Cit.]" *Norris v. State,* 258 Ga. 889, 890 (1) (376 SE2d 653) (1989). "This court determines the sufficiency of the evidence, [and] does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Browning,* supra at 548. See *Lysfjord v. State,* 208 Ga. App. 811 (1) (432 SE2d 247) (1993); *Wimberly v. State,* 205 Ga. App. 818 (1) (423 SE2d 728) (1992). In the case sub judice, the jury was authorized to and did reject the alibi evidence presented by Gray in light of the testimony of the victim, the restaurant employee, and the two accomplices. See *Harvey v. State,* 205 Ga. App. 863 (1) (424 SE2d 18) (1992).

Since a rational trier of fact could have found Gray guilty of the offense charged beyond a reasonable doubt in accordance with the standard enunciated in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial court's denial of Gray's motion for directed verdict of acquittal must be affirmed. *Williams v. State,* 210 Ga. App. 357 (1) (436 SE2d 228) (1993).

2. Gray asserts in his second enumeration of error that the trial court erred in denying his motion for mistrial based upon the State's alleged failure to comply with *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Although Gray fails to indicate in his brief the specific violations of which he now complains, at trial he moved for a mistrial based upon the State's failure to produce a statement which conflicted with the trial testimony of an accomplice and failure to produce copies of the prior convictions of the accomplice which were revealed during the accomplice's testimony on direct. There is no indication from the record before us that the State had copies of those prior convictions in its files.

"*Brady* holds that suppression by the prosecution of evidence favorable to the accused which is material to either guilt or punishment violates due process. *Brady* does not require pre-trial disclosure

of materials sought under a *Brady* motion. [Cit.]" *Dennard v. State,* 263 Ga. 453, 454 (4) (435 SE2d 26) (1993). Moreover, " '[t]here is no affirmative obligation on the prosecution to seek out information for the defense, although it might be more easily accessible to the prosecution.' . . . [Cit.]" *Bacon v. State,* 207 Ga. App. 39, 40 (427 SE2d 32) (1993). "Even where the State may be aware before trial of potential contradictions, a prior contradictory statement of a witness does not become impeaching, i.e., contradictory or exculpatory, until the witness testifies. *Brady* does not require *pretrial* disclosure of the materials. Where, as here, the trial court has conducted an in camera inspection of the [State's file including the] prior contradictory statement and determined that it contained no matter which was exculpatory or of significance, and where defense counsel has been permitted adequate cross-examination of the witness, the defendant has not borne his burden of showing prejudice to his case resulting from the prosecution's refusal to turn over the [alleged] statement." (Citation and punctuation omitted.) *Echols v. State,* 174 Ga. App. 829, 831 (2) (331 SE2d 619) (1985). Accordingly, we find no error.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 8, 1994.

*Patrick G. Longhi,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Carla E. Young, Vivian D. Hoard, Assistant District Attorneys,* for appellee.