## A00A1765. SMITH v. THE STATE.
### (538 SE2d 95)

RUFFIN, Judge.

A Burke County jury found appellant Willie W. Smith guilty of aggravated assault, criminal damage to property, possession of a firearm during the commission of a crime, carrying a pistol without a license, and discharge of a firearm on or near a public highway. On appeal, Smith asserts that the evidence was insufficient to support his convictions because there was no evidence corroborating his confession. As there was sufficient corroborating evidence, we affirm.[1]

At trial, George Leroy Thomas testified that, on the evening of October 13, 1995, he drove to 816 Washington Drive to meet with Pam Carpenter to discuss insurance. As Thomas was leaving the meeting, he noticed four or five people standing at the curb of the neighboring house. Before Thomas could pull his car out of the drive-

---

[1] This was Smith's second trial for these crimes. He was first tried and convicted in 1996, but we reversed his convictions on appeal due to the trial court's failure to properly handle a *Batson* challenge. See *Smith v. State*, 229 Ga. App. 765 (494 SE2d 757) (1997).

way, one of the people approached his car and said "[W]ait. Get out. Don't move. Stop." As he was pulling away, Thomas saw a different person "pull a gun out of his pants and aim it at me." A shot grazed Thomas' face and then shattered his rear window. The next day, Thomas found a bullet in his car, which he gave to the police. Thomas also gave the police a sketchy description of the shooter, but could not identify him from a photographic lineup.

Lieutenant Frankie Parker testified that the Burke County Sheriff's Office had information that Smith was involved in the incident. On November 8, 1995, Deputy Jimmy Golden and Sergeant Frank Stevens approached Smith at a convenience store and told him there was a warrant for his arrest. Smith tried to run. Stevens grabbed Smith, and a .25 caliber gun fell from his clothing. The officers then arrested Smith.

On November 10, 1995, Lieutenant Parker advised Smith of his *Miranda* rights, and Smith signed a form agreeing to waive them. Smith gave a statement which Parker wrote down, and then Smith read and signed the statement. In the statement, Smith said that he and about 11 other people were standing in the street around 816 Washington Drive when "Ronnie Cooper told us that [an] insurance man was coming out of a house and he was going to get him." Cooper started running toward the man, who jumped into his car and pulled away. Smith also said:

> I, Willie Smith, was pointing my .25 caliber pistol toward the insurance man's car and I shot two times. Shot the first time at the car and then one time in the air. . . . Ronnie had a .38 caliber pistol and was trying to shoot at the insurance man but other people was in Ronnie's way and he couldn't shoot.

Mark Maycock, a firearms expert with the Georgia Bureau of Investigation, testified that the bullet removed from Thomas' car was a .25 caliber bullet. However, Maycock was unable to determine whether the bullet was fired from Smith's gun.

Smith took the stand and denied shooting Thomas. He admitting being on Washington Drive that day, but he said that Cooper fired the shots. He denied having a gun with him at the time. According to Smith, he told Lieutenant Parker that he did not shoot anyone, but Parker kept insisting that Smith had done it and then asked him to sign a statement that Parker had written.

On appeal, Smith contends that the only evidence against him was his uncorroborated confession,[2] which is insufficient to sustain

---

[2] While Smith's appellate brief refers to the confession as a "highly questionable police

his convictions. We disagree.

We have held that

> [a] conviction may be had on a confession although corroborated only by proof of the corpus delicti. The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. Corroboration in any material particular satisfies the requirements of the law.[3]

Here, "the testimony of the victim, which corresponded to [Smith's] confession, was sufficient to establish the corpus delicti, i.e., that the crimes actually occurred."[4] In addition, Smith admitted at trial that he was present at the scene of the crime, further corroborating part of his confession. Moreover, at the time of his arrest, Smith was carrying a gun of the same caliber as the one used to shoot Thomas. Finally, Smith attempted to flee when the officers arrested him, indicating a consciousness of guilt.[5]

As there was sufficient corroboration of Smith's confession, we affirm his convictions.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 2, 2000.

*Jeffrey S. Bowman*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

generated written confession," he does not challenge its voluntariness on appeal.

[3] (Punctuation omitted.) *Bigham v. State*, 222 Ga. App. 353, 354 (474 SE2d 254) (1996).

[4] Id.; see also *Montijo v. State*, 238 Ga. App. 696, 699 (2) (520 SE2d 24) (1999).

[5] See *Anderson v. State*, 236 Ga. App. 679, 683 (4) (513 SE2d 235) (1999) (defendant's flight at time of arrest was evidence of consciousness of guilt).