## A03A1894. NORWOOD v. THE STATE.
### (595 SE2d 537)

JOHNSON, Presiding Judge.

A jury found Marion Norwood guilty of burglary, theft by taking a motor vehicle, and possession of tools for the commission of a crime. Norwood appeals, alleging the evidence was insufficient to support the jury's verdict. We find no error and affirm Norwood's convictions.

On appeal from a criminal conviction, the evidence must be viewed in a light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility, but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of witnesses, including the state's witnesses, are a matter of credibility to be resolved by the jury, and as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[2]

---

[6] *Sanders v. State of Ga.*, 259 Ga. App. 422, 425-426 (2) (577 SE2d 94) (2003).
[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Viewed in this light, the evidence shows that Norwood asked his friend, Kenneth Thomas, if Thomas wanted to make $100 to drive a truck. Thomas agreed, and Norwood directed him to a U-Haul truck. Thomas got into the U-Haul and Norwood got into a blue van driven by Walter Stephens. Tracy Kelly was also a passenger in the blue van. The vehicles drove to a Polaris dealership. Once there, Norwood and Kelly got out of the van, took the U-Haul truck, left Thomas and Stephens, and said they would be right back. The men never told Thomas where they were going or what they were doing. When Norwood and Kelly came back, Thomas once again got into the U-Haul and drove away. Norwood and Kelly once again got into the blue van with Stephens, and the van followed the U-Haul away from the Polaris dealership.

A witness, whose home was near the Polaris dealership, heard a loud noise. He looked out his window and saw the U-Haul truck, which had been backed up to the front of the Polaris dealership. He also saw two men loading a four-wheeler into the back of the U-Haul. The witness called the police. He described the incident, the two individuals he saw loading the four-wheeler into the U-Haul, and the van which left with the U-Haul.

A police dispatcher issued a lookout for the U-Haul truck and the van, describing the vehicles and the direction in which they were traveling. A sheriff's deputy heard the dispatch, saw the vehicles, and stopped the vehicles. A search of the back of the U-Haul revealed a crowbar and the four-wheeler which was missing from the Polaris dealership. Another officer arrived at the scene and took charge of the van's occupants. He testified that Stephens was driving the van, Kelly was in the front passenger seat, and Norwood was in the back passenger seat. A pair of bolt cutters was found behind the passenger seat of the van. One of the handles on the bolt cutters was broken.

Evidence further showed that one door of the Polaris dealership had been kicked in, and the other door was "opened a little bit like it may have been kicked and swung back." There were pry marks on the doors. Norwood's counsel even described the doors as being "pried open or kicked in." The manager and part owner of the Polaris dealership testified that the only thing missing from the dealership was a 2001 Sportsman 90 youth model four-wheeler. He described the four-wheeler as an "automatic transmission, key-operated, gasoline engine, recreation device." The owner also testified that he has been in the business for thirty years and that the four-wheeler was new and cost around $2,400.

1. Norwood claims the evidence was insufficient to support his conviction for theft by taking a motor vehicle because (a) the state failed to prove that the item stolen was a motor vehicle, and (b) the state failed to prove the value of the property stolen. We disagree.

(a) Norwood contends that the trial court did not define "motor vehicle" and that none of the descriptions given for the four-wheeler describe a motor vehicle as defined by Georgia law.[3] We first note that Norwood's counsel did not request a jury charge defining motor vehicle. When an omission to charge is involved, counsel must request a charge and/or object to its omission or suffer a waiver.[4] Norwood has waived this issue on appeal.

Moreover, we disagree with Norwood's contention that the various descriptions of the stolen property were insufficient to describe a motor vehicle as defined by Georgia law. OCGA § 40-1-1 (33) defines a motor vehicle as "every vehicle which is self-propelled other than an electric personal assistive mobility device." The evidence was sufficient for the jury to determine that the four-wheeler was a self-propelled vehicle within this definition.[5]

(b) Norwood also contends the state failed to prove the value of the stolen property. However, it is well established that the state does not have to prove value when the subject of the theft is a motor vehicle.[6] Furthermore, the record shows that the co-owner of the Polaris dealership, who has worked in the business for thirty years, testified as to the value of the new four-wheeler, and that this value exceeded $500. The evidence was sufficient for a reasonable man to find Norwood guilty of theft by taking motor vehicle.

2. Norwood argues that the evidence was insufficient to support his conviction for possession of tools for the commission of a crime because the state failed to prove that the bolt cutters were a "device commonly used in the commission of burglary, theft, or other crime."[7] Norwood further contends that there was no evidence that he possessed the crowbar located in the back of the U-Haul truck or that the crowbar was used to enter the Polaris dealership. We once again disagree.

The jury heard sufficient evidence from which it could find that Norwood was with the U-Haul truck when it backed up to the Polaris dealership, that pry marks were on the dealership doors, and that something was put between the doors to "spread them on their hinges." In addition, the crowbar and bolt cutters were entered into evidence and viewed by the jury. The evidence was sufficient for the

---

[3] OCGA § 40-1-1 (33).

[4] Iona v. State, 260 Ga. 83, 86 (5) (389 SE2d 754) (1990); Gaines v. State, 177 Ga. App. 795, 799 (1) (341 SE2d 252) (1986) (physical precedent only).

[5] See Browning v. State, 207 Ga. App. 547 (428 SE2d 441) (1993) (conviction for theft by taking motor vehicle affirmed where stolen property was a medium-sized 1970 Ford tractor).

[6] See Jackson v. State, 267 Ga. 130, 131 (3) (475 SE2d 637) (1996); Preston v. State, 183 Ga. App. 20, 23-24 (7) (357 SE2d 825) (1987).

[7] OCGA § 16-7-20 (a).

jury to find that these items were burglary tools and that Norwood possessed these items.[8]

3. The evidence was also sufficient to prove Norwood guilty of burglary. While Norwood attempts to dispute the credibility of Thomas' testimony placing Norwood in the U-Haul, this Court does not determine witness credibility. Thomas testified that Norwood asked him if he would like to make $100 driving a truck. After passing the Polaris dealership twice, Norwood took the U-Haul and told Thomas he would be right back. Another witness saw the U-Haul backed up to the doors of the Polaris dealership and saw a four-wheeler being loaded into the U-Haul. Thomas testified that Norwood returned and got back into the van, and the men left the area. A short time later, police pulled over the U-Haul and found the missing four-wheeler in the back of the U-Haul. A crowbar was found in the back of the U-Haul, and bolt cutters were found in close proximity to Norwood in the back of the blue van. Based on Thomas' testimony, as well as the other witness' testimony describing what he saw at the Polaris dealership, the evidence was sufficient for the jury to find Norwood guilty of burglary.[9]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 11, 2004 —
RECONSIDERATION DENIED FEBRUARY 26, 2004

*James D. Love*, for appellant.
*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney*, for appellee.

---

[8] See *Ranson v. State*, 198 Ga. App. 659, 660 (2) (402 SE2d 740) (1991); *Hayes v. State*, 193 Ga. App. 33, 35 (5) (387 SE2d 139) (1989).

[9] See *Kidd v. State*, 241 Ga. App. 446, 447 (1) (526 SE2d 916) (1999).