## A04A1961. MURPHY v. MILO.
(612 SE2d 56)

PHIPPS, Judge.

Melissa Ann Milo sued Mitchell David Murphy to recover damages for injuries she sustained when the vehicle he was driving crashed into the vehicle she was driving. A jury found in favor of Milo. Murphy's motion for new trial was denied, and he appealed to the Supreme Court of Georgia, which transferred his case to this court. We affirm because Murphy has shown no reversible error.

1. Murphy contends that OCGA § 9-10-31 (c) is unconstitutional. But the Supreme Court ruled in its order transferring Murphy's appeal to this court:

> Although appellant seeks to invoke this Court's constitutional question jurisdiction, the trial court properly concluded that as appellant first raised his challenge to the constitutionality of OCGA § 9-10-31 (c) in his motion for new trial, the challenge was untimely.[1]

Accordingly, Murphy's contention as to this same issue presents nothing for this court to consider.[2]

2. Murphy contends that the trial court erred by allowing Milo's attorney "to cross examine [him] over his alleged denial of liability which was not an issue [for] the jury to decide."[3] He argues that "the line of inquiry was designed to inflame and prejudice the jury against [him] for not 'taking responsibility' for what [had] transpired."

The transcript shows that Milo's attorney called Murphy to the stand and elicited his testimony that on March 31, 1998, he had gone to Smothers II, a bar on Austell Road; that he had purchased and consumed alcoholic beverages there; that he left the bar driving his vehicle; that his vehicle crashed head-on into Milo's vehicle; that his

---

[1] Because Murphy's case presented no other basis for invoking its jurisdiction, the Supreme Court transferred the case to this court.

[2] See *Coker v. State*, 261 Ga. App. 646-647 (1) (583 SE2d 498) (2003).

[3] In violation of this court's Rule 25 (c) (3), Murphy has provided no record citation of where he claims error occurred. Furthermore, he describes the contested evidence only as "certain matters contained in his original answer." It is not the function of this court to cull the record on behalf of a party; the burden is upon the party asserting error to show it affirmatively in the record. *Burt, Burt & Rentz Retirement Pension Trust v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (1) (569 SE2d 557) (2002).

> Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.

(Punctuation and footnote omitted.) *Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000); see also *Burt, Burt & Rentz Retirement Pension Trust*, supra.

alcohol consumption was a significant cause of the crash; and that he later pled guilty to driving under the influence of alcohol ("DUI").

Milo's attorney then asked Murphy whether "today is the first time that you, through your lawyer['s opening statement], have admitted what [his lawyer] has called duty, breach of duty, and causation?" Murphy responded, "I think the day that I pled guilty to this charge I admitted liability to the wreck which was two months after the wreck in criminal court." Milo's attorney began questioning Murphy about his answer filed in this case, and Murphy's attorney objected on the grounds that the pretrial order superseded the answer and that Milo's attorney was simply trying to "beat him up." The objection was overruled.

Thereafter, reading from his answer, Murphy admitted that in his answer, he had denied that the collision occurred on Austell Road on March 31, 1998, denied that he had been a patron at Smothers II, denied that Smothers II sells alcoholic beverages, denied that he had been driving negligently and recklessly, and denied that Milo had been seriously injured because of the collision. But then Murphy exclaimed, "I have never denied any of this stuff," reiterating that he had admitted to the DUI charge and adding that two weeks after Milo was released from the hospital, he called her and told her that the collision had been all his fault.

When Murphy's own counsel next questioned him, Murphy explained that the answer had been filed by his previous attorney, that the responses therein were that attorney's words, and that he had not read the answer before trial.

Murphy has demonstrated no reversible error in the trial court's admission in evidence of the responses provided in his answer.

To begin with, Murphy cites no authority for his broad argument that a party may not be cross-examined about his answer after entry of a pretrial order.[4] And even assuming that the responses provided in his answer were irrelevant and that Milo's attorney introduced them in evidence only to inflame and prejudice the jury against Murphy for not "taking responsibility for what had transpired," no reversible error has been shown. While it is error to admit irrelevant matter,[5] the admission of irrelevant matter provides no ground for reversal unless "it appears of sufficient consequence to injuriously affect the party making the complaint. [Cits.]"[6] The record reveals

---

[4] Cf. *Carver v. Saye*, 198 Ga. App. 146, 147 (2) (400 SE2d 683) (1990) (physical precedent only).

[5] OCGA § 24-2-1.

[6] *McGriff v. McGriff*, 154 Ga. 560, 567-568 (3) (115 SE 21) (1922); see *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 546 (5) (309 SE2d 816) (1983).

that, during Murphy's counsel's opening statement, the court clarified for the jury the extent to which Murphy had admitted liability, stating, "Murphy has admitted fault of this accident. He has admitted fault with respect to the collision. But he has not admitted that his fault necessarily caused all of the damages that are being claimed in this case." In addition, Murphy told the jury the extent to which he believed he had taken responsibility for his actions — by pleading guilty to the DUI charge and by calling Milo himself and admitting to her that he had caused the collision. And the jury heard Murphy's explanation concerning the discrepancies between his trial testimony and the responses in his answer.

Murphy has failed to show harmful error. Therefore, we find no reversible error.[7]

3. Murphy contends that the trial court erred in refusing to allow his attorney to cross-examine him.[8] The transcript shows that after Milo's attorney called Murphy as "our next witness" and then questioned him, Murphy's attorney began cross-examining him. Milo's attorney soon objected to leading questions being asked, but was overruled. Several questions later, however, the trial court reconsidered its ruling and instructed Murphy's attorney to question his client only through direct examination. Murphy's attorney resumed the questioning in compliance with the trial court's instruction.

On appeal, Murphy fails to cite a proffer of any evidence that the court's instruction precluded him from presenting to the jury. In addition, Murphy fails to even argue how the exclusion of the unidentified evidence harmed him.

> [T]he burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.[9]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 15, 2005.

*Downey & Cleveland, William C. Anderson, Alan J. Gibson,* for appellant.

---

[7] See *Hertz Corp. v. McCray*, 198 Ga. App. 484, 486 (2) (402 SE2d 298) (1991).

[8] See generally *Colwell v. Voyager Cas. Ins. Co.*, 251 Ga. 744 (309 SE2d 617) (1983).

[9] (Citation and punctuation omitted.) *Hertz*, supra at 486-487.

*Flournoy, Morgan & Schnatmeier, Matthew C. Flournoy, John S. Morgan*, for appellee.