A08A1382. CLARK v. THE STATE.
(670 SE2d 131)

JOHNSON, Presiding Judge.

Keith Clark was indicted for committing armed robbery upon a pizza delivery driver. A jury found him guilty of the lesser included offense of robbery by intimidation. He appeals, challenging the sufficiency of the evidence. Specifically, Clark contends his conviction cannot stand because it was based solely on the testimony of a co-defendant. Because the argument is without merit, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that the victim was dispatched to deliver pizza to an apartment unit within the Ridgewood apartment complex. When the victim arrived, however, the apartment's occupant stated that he had not ordered a pizza. The victim returned to his car, and a group of men wearing red and black clothing, as well as bandannas over their faces, approached him from behind. One man pointed a gun at the victim, demanding money. The victim emptied his pockets and placed the items on top of his car. Several men grabbed the items, which included a cell phone and over $30 cash, and divided the victim's belongings amongst themselves. As the other men fled, the gunman fired the gun into the ground and left.

The victim reported the robbery to his supervisor, who called the police. While searching the area for suspects, officers went to an apartment complex located across the street from the robbery scene, in the direction the robbers fled. One officer noticed fresh footprints in the mud behind the apartments, as well as marks indicating that someone had slid down a muddy hill next to one of the apartment

---

[17] *Moore*, supra at 507 (2).
[1] *Dalton v. State*, 237 Ga. App. 217 (513 SE2d 745) (1999).

buildings. Muddy footprints also led to the back door of a particular unit.

When the police knocked on the unit's front door, shadows began moving around inside, and one officer heard a "commotion." The resident, Ryan Griffin, answered the door and initially said no one else was there. Eventually, however, three other people — Clark, Jevon Wilson, and Devine Roberts — came outside. Griffin then gave police permission to enter the apartment. Inside, they saw muddy, wet clothes on the floor. Officers found one person, Sceon Skeffers, hiding in a bedroom closet. They later retrieved the victim's cell phone from Skeffers' pocket. Officers also located a gun in the bedroom where Skeffers had been hiding and over $40 cash in an adjacent bathroom. Three other men, Dominique Humphrey, "Papi," and another individual, were found in a second bedroom.

Skeffers testified that he, Clark, Humphrey, Wilson, and Papi were together at Griffin's house when they decided to go to the Ridgewood apartments to visit friends. They saw the pizza delivery-man, and Wilson approached him with a gun, stating "give it up." According to Skeffers, he and Clark walked away empty-handed as the victim placed his belongings on the car.

Humphrey similarly testified that he, Clark, Papi, Skeffers, and Wilson decided to leave Griffin's apartment and walk to the Ridgewood apartment complex. According to Humphrey, however, Wilson called the pizza restaurant, and the group ordered pizza with the intent to rob the delivery driver. Wilson had a gun, and they were dressed in red, blue, or black clothes, including hooded sweatshirts and red bandannas. Humphrey asserted that they all planned the robbery, although he, Clark, and Skeffers were not sure if they wanted to participate. Ultimately, all of the men — including Clark — joined in and took the victim's possessions. The group then returned to Griffin's house, where some of the men took off their clothes and put on shorts or pajama pants.

One of the officers testified that Clark initially emerged from the apartment wearing only a tank top and boxer shorts. Before transporting him to the police station, officers allowed Clark to get dressed, and he retrieved a pair of muddy pants and a black hooded sweatshirt from the pile of wet clothes police saw when they first entered the apartment.

Clark challenges his robbery conviction on appeal, noting that several witnesses testified that he left the scene before any items were taken from the victim. Recognizing that Humphrey directly implicated him in the crime, Clark further argues that Humphrey's testimony was uncorroborated and cannot support the conviction. We disagree.

Although a conviction cannot rest solely on the uncorroborated testimony of an accomplice, corroboration requires only "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act."[2] Corroborative evidence may be circumstantial and based on the testimony of other accomplices.[3] And it does not have to be sufficient to warrant a conviction.[4] Rather, the corroboration, which may include the defendant's conduct before and after the crime, need only connect and identify the defendant with the crime.[5]

Humphrey gave a detailed account of the robbery, including Clark's participation in both the planning and execution of the crime. His testimony was corroborated by, among other things, the victim's description of the robbery, the actions of Clark and the other occupants in Griffin's apartment when police arrived, the evidence found inside the apartment, Clark's appearance when he first encountered police, and, to a certain extent, Skeffers' description of events. Given Humphrey's testimony and the corroborating evidence, the jury was authorized to find Clark guilty beyond a reasonable doubt of robbery by intimidation.[6]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 3, 2008.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.

---

[2] (Citation and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191 (1) (506 SE2d 237) (1998).

[3] *Dalton*, supra at 223 (3).

[4] See *King v. State*, 268 Ga. App. 811, 813 (1) (603 SE2d 88) (2004).

[5] Id.

[6] See *Harris v. State*, 204 Ga. App. 11, 12 (1) (418 SE2d 394) (1992).