A08A2167. HARRIS v. THE STATE.
(673 SE2d 76)

MIKELL, Judge.

Following a jury trial, Franklin Lloyd Harris was convicted of motor vehicle theft (Count 1) and felony theft by taking (Count 2). The trial court merged Count 2 into Count 1, and sentenced Harris to ten years. On appeal from the denial of his motion for new trial, Harris contends that the evidence was insufficient to support his convictions and that the trial court erred in failing to give his requested charge on the lesser included offense of misdemeanor theft by taking. For the reasons that follow, we disagree and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in a light most favorable to support the

---

jury's verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility, but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of witnesses, including the state's witnesses, are a matter of credibility to be resolved by the jury, and as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[2]

So viewed, the evidence shows that Sheila Garrett, Ann Hedden, and Harris stole a lawn mower from Home Depot in Dalton. According to Garrett, Harris loaded the mower into a red Ford Aerostar van and then sold it to someone in Athens, Tennessee. Garrett, who pled guilty before trial, testified that Harris stole the mower from the Dalton Home Depot and identified him at trial.

Lee Davis, a loss prevention investigator at the Dalton Home Depot, investigated the theft. Davis reviewed the store's video surveillance tape from April 28, 2006, and observed several individuals outside the store, loading a red Toro riding lawn mower into the back of a van.[3] Davis testified that the mowers were secured outside the store with a chain; that the mowers outside at the time of the theft ranged in value from $899 to $1,399; and that the mower at issue was "definitely [worth] over $500." Davis also testified that other than using a key, the only way to undo the chain would be to use bolt cutters. The surveillance tape was played for the jury.

On May 2, 2006, officers investigating the incident were dispatched to a residence on James Street where they observed a red Ford Aerostar van similar to the van used during the theft at Home Depot. The license plate and rear seats had been removed from the vehicle, and bolt cutters were found under the front seat. Officers subsequently discovered the license plate in a pile of shingles next to the residence. When officers entered the residence, Harris was hiding under a pile of clothing in the corner of a bedroom. After he was read his *Miranda* rights, Harris told officers that he had driven the van to the James Street residence, removed the license plate, and concealed it in some shingles.

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Footnote omitted.) *Norwood v. State*, 265 Ga. App. 862 (595 SE2d 537) (2004).

[3] Although Davis did not have the serial number of the stolen mower (which was never recovered), he testified that the mower at issue looked like a Toro because it was red and that only Toro mowers are red; Murrays are black and John Deeres are green.

1. Harris contends the evidence was insufficient to support his convictions because Garrett's testimony was uncorroborated and there was no evidence the van discovered at the James Street residence was the same vehicle involved in the theft. We disagree.

> Although a conviction cannot rest solely on the uncorroborated testimony of an accomplice, corroboration requires only slight evidence from an extraneous source identifying the accused as a participant in the criminal act. Corroborative evidence may be circumstantial and based on the testimony of other accomplices. And it does not have to be sufficient to warrant a conviction. Rather, the corroboration, which may include the defendant's conduct before and after the crime, need only connect and identify the defendant with the crime.[4]

Whether the corroborating evidence is sufficient is a matter for the jury.[5]

Here, police discovered a van resembling the one used in the theft at Harris's residence. The rear seats had been removed and officers found bolt cutters under the front seat. Harris attempted to hide from officers when they searched the residence, evincing a "consciousness of guilt,"[6] and then admitted to officers that he had driven the van and removed and hid the license plate. This evidence was sufficient corroboration of Garrett's testimony and Harris's allegation of error is, therefore, meritless.

2. Harris next contends that the evidence was insufficient to support his conviction for motor vehicle theft because a riding lawn mower is not a "motor vehicle" under OCGA § 16-8-12 (a) (5) (A). Our review of case law has shown that we have not specifically addressed the issue of whether a lawn mower can be classified as a "motor vehicle." However, we have examined this issue primarily as it relates to alleged sentencing errors by the trial court, and found that a four-wheeler and a self-propelled tractor are "motor vehicles" — as defined by OCGA § 40-1-1 (33),[7] but that a skid steer is "special mobile equipment" — as defined by OCGA § 40-1-1 (59) — and not

---

[4] (Punctuation and footnotes omitted.) *Clark v. State*, 294 Ga. App. 331 (670 SE2d 131) (2008).

[5] *McDaniel v. State*, 289 Ga. App. 722, 724 (1) (658 SE2d 248) (2008).

[6] *Smith v. State*, 245 Ga. App. 451, 453 (538 SE2d 95) (2000).

[7] *Norwood*, supra at 864 (1) (a); *Browning v. State*, 207 Ga. App. 547, 549 (3) (428 SE2d 441) (1993). OCGA § 40-1-1 (33) defines a "motor vehicle" as "every vehicle which is self-propelled other than an electric personal assistive mobility device (EPAMD)."

a "motor vehicle."[8] In *Coker v. State*,[9] we determined that a golf cart is both a "vehicle" under OCGA § 40-1-1 (75) and a "motor vehicle" under OCGA § 40-1-1 (33), because it is a device in which a person may be transported upon a highway, and it is self-propelled.[10]

While we agree with Harris that, unlike a golf cart, a riding lawn mower is not a device in which a person may be transported upon a highway, it is a self-propelled vehicle, more analogous to a tractor and a four-wheeler than to a skid steer. Accordingly, we hold that a riding lawn mower is a self-propelled vehicle within the definition of OCGA § 40-1-1 (33), and that the jury was authorized to convict Harris of motor vehicle theft.[11]

3. Harris last contends that the trial court erred in failing to give his requested charge on the lesser included offense of misdemeanor theft by taking. Harris argues that Davis's testimony as to the make, model, and value of the mower was merely conjectural and, therefore, would have supported his requested charge. We disagree.

Davis testified that the value of the stolen mower exceeded $500 and that this opinion was based on his training as a loss prevention officer, his familiarity with products in the store, and his personal experience in the store.

> Opinion evidence as to the value of an item has probative value and may be admitted if a foundation is laid showing that the witness has some knowledge, experience or familiarity with the value of the property or similar property and if the witness gives reasons for the value assessed and has had an opportunity for forming a correct opinion.[12]

Despite Harris's claim to the contrary, Davis's testimony met these standards. The trial court did not err in refusing to give the requested charge on misdemeanor theft by taking because the

---

[8] *Barron v. State*, 291 Ga. App. 494, 495 (662 SE2d 285) (2008). OCGA § 40-1-1 (59) defines "special mobile equipment" as
> every vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including but not limited to: ditch-digging apparatus, well-boring apparatus, and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth-moving carryalls and scrapers, power shovels and drag lines, and self-propelled cranes and earth-moving equipment. The term does not include house trailers, dump trucks, truck mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached.

[9] 261 Ga. App. 646 (583 SE2d 498) (2003).

[10] Id. at 647 (2).

[11] See *Norwood*, supra.

[12] *Wilkerson v. State*, 246 Ga. App. 621, 622 (1) (540 SE2d 303) (2000).

evidence showed either the commission of felony theft by taking or no offense.[13]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 27, 2009 — 

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.

---

[13] See *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229) (1990) ("'[w]here . . . the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense'").

